**United States of America**

    **v.**

**Alex Eskandar Khamooshpour**

# JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

**No. CR 01-00829-001-PHX-PGR**

Michael Kimerer (Retained)
Attorney for Defendant

USM#: 46385-008

**THE DEFENDANT ENTERED A PLEA OF** guilty on 7/19/2004 to Count Six and Count Two Hundred Eighty-Four of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 50, U.S.C. §§1701,1702,1704 and 1705(b), and 31 C.F.R. §§ 560.201, 560.204, 560.206, Violation of the Emergency Economic Powers Act, a Class C Felony offense, as charged in Count Six of the Superseding Indictment; Title 31, U.S.C. §§ 5314, 5322(b) and 31 C.F.R. §103.24, Failure to Report Foreign Financial Accounts, a Class C Felony offense, as charged in Count Two Hundred Eighty-Four of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby placed on probation for a term of **FIVE (5) YEARS** on Count Six and Count Two Hundred Eighty-Four, said counts to run concurrently.

**IT IS ORDERED** the defendant's interest in the following property shall be forfeited to the United States: All funds in first United National Bank account 203000-1124322, in the name of E. Khamooshpour Capital Service; all funds in PNC Bank account 80-1268-8726, in the name of E. Khamooshpour Capital Service; all funds in Wells Fargo Bank Arizona, N.A., account 046-4764505, in the name of Eskanda Khamooshpour, dba E. Khamooshpour Capital Service; all funds in Wells Fargo Bank Arizona, N.A., account 067-1496693, in the name of Eskandar Khamooshpour, aka Alex E. Khamooshpour; all funds in Bank of America account 24345-04222, in the name of Alex E. Khamooshpour; and all funds in Wells Fargo Bank Arizona, N.A., account 046-4764497, in the name of Eskandar Khamooshpour, dba E. Khamooshpour Capital Service.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed on motion of the United States.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

    **SPECIAL ASSESSMENT:** $200    **FINE:** $20,000    **RESTITUTION:** N/A

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows; balance is due in equal quarterly installments of $2,525 over a period of 24 months to commence 60 days after the date of this judgment.

Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $200 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count Six and Count Two Hundred Eighty-Four of the Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## CONDITIONS OF SUPERVISION

<u>For offenses committed on or after September 13, 1994</u>: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 U.S.C. §3563(a)(5) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.

14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. If deported, you shall not re-enter the United States without legal authorization.

2. You shall provide the probation officer access to any requested financial information.

3. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

4. You shall cooperate with the Internal Revenue Service and pay all tax liabilities. You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with an understanding of the consequences and that it comports with the factual basis of the plea and plea agreement.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.


Date of Imposition of Sentence:  **Monday, June 18, 2007**


DATED this 19th day of June, 2007.


Paul G. Rosenblatt
United States District Judge


**RETURN**

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____ , the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

|  | By: |
| --- | --- |
| United States Marshal | Deputy Marshal |